1  BARBARA J. PARKER, City Attorney, SBN 069722
   RANDOLPH W. HALL, Chief Assistant City Atty., SBN 080142
2  WILLIAM E. SIMMONS, Supervising Trial Atty. , SBN 121266
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California  94612
   Phone:  (510) 238-6520, Fax:  (510) 238-6500
4  X03845/1100892

5  Attorneys for Defendants
   CITY OF OAKLAND, et al.

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12  ADAM BLUEFORD, et al.,                 Case No.  C12-03791 WHO

13              Plaintiffs,                ~~[PROPOSED]~~
                                           **STIPULATED PROTECTIVE ORDER**
14       v.

15  CITY OF OAKLAND, et al.,

16              Defendants.

17

18       Plaintiffs ADAM BLUEFORD and JERALYNN BLUEFORD, individually and as

19  PERSONAL REPRESENTATIVES OF THE ESTATE OF ALAN BLUEFORD; and

20  Defendants HOWARD JORDAN, MIGUEL MASSO and CITY OF OAKLAND, a municipal

21  corporation by and through their attorneys, the OFFICE OF THE CITY ATTORNEY;

22  hereby stipulate to the following protective order:

23              1. DEFINITIONS

24              1.1 Party: any party to this action, including all of its officers, directors,

25  employees, consultants, retained experts, and outside counsel (and their support staff).

26              1.2 Disclosure or Discovery Material: all items or information,

-1-

1 regardless of the medium or manner generated, stored, or maintained (including, among

2 other things;

3         1.3 "Confidential" Information or Items: Information (regardless of

4 how generated, stored or maintained) or tangible things qualify for protection under

5 standards developed under F.R.Civ.P. 26(c). This material includes:

6     a)   Information from personnel files of any sworn member of the Oakland Police

7 Department.

8     b)   Information from Internal Affairs files pertaining to any sworn member of the

9 Oakland Police Department.

10         1.4   "Highly Confidential-Attorneys' Eyes Only" Information or

11 Items: Extremely sensitive "Confidential Information or Items" whose disclosure to

12 another Party or non-party would create a substantial risk of serious injury that could not

13 be avoided by less restrictive means.

14     This material includes:

15     a)   Information from medical and/or psycho-therapeutic records of any party to

16 this action.

17         1.5   Receiving Party: a Party that receives Disclosure or Discovery

18 Material from a Producing Party.

19         1.6   Producing Party: a Party or non-party that produces

20 Disclosure or Discovery Material in this action.

21         1.7   Designating Party: a Party or non-party that designates

22 information or items that it produces in disclosures or in responses to discovery as

23 "Confidential" or "Highly Confidential-Attorneys Eyes Only."

24         1.8   Protected Material: any Disclosure or Discovery Material that

25 is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

26         1.9   Outside Counsel: attorneys who are not employees of a Party

-2-

but who are retained to represent or advise a Party in this action.

          1.10   House Counsel:  attorneys who are employees of a Party.

          1.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

          1.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

          1.13   Professional Vendors:  person or entities that provide litigation support services (e.g., photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

        Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

          4.1 F.R.Civ. P. 26(c).  The information sought to be protected must be

-3-

C12-03791 WHO

1   properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any

2   discovery material "CONFIDENTIAL" without first making a good faith determination that

3   protection is warranted.

4               4.2  <u>Manner and Timing of Designations</u>.  Except as otherwise

5   provided in this Order (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as

6   otherwise stipulated or ordered, material that qualified for protection under the Order must

7   be clearly so designated before the material is disclosed or produced.

8               Designation in conformity with this Order requires:

9               (a) for information in documentary form (apart from transcripts of

10  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

11  "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of

12  each page that contains protected material.

13              A Party or non-party that makes original documents or materials

14  available for inspection need not designate them for protection until after the inspecting

15  Party has indicated which material it would like copied and produced.  During the

16  inspection and before the designation, all of the material made available for inspection

17  shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the

18  inspecting Party has identified the documents it wants copied and produced, the

19  Producing Party must determine which documents, or portions thereof, qualify for

20  protection under this Order, then, before producing the specified documents, the

21  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains

23  Protected Material.   If only a portion or portions of the material on a page qualifies for

24  protection, the Producing Party also must clearly identify the protected portion(s) (<u>e.g.</u>, by

25  making appropriate markings in the margins) and must specify, for each portion, the level

26  of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

-4-

1  ATTORNEYS' EYES ONLY").

2  (b) <u>for testimony given in deposition or in other pretrial or trial</u>

3  <u>proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on

4  the record, before the close of the deposition, hearing, or other proceeding, all protected

5  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

6  CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each

7  portion of testimony that is entitled to protection, the Party or non-party that sponsors,

8  offers, or gives the testimony may invoke on the record (before the deposition or

9  proceeding ins concluded) a right to have up to 20 days to specify the level of protection

10  being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

11  ONLY"). Only those portions of the testimony that are appropriately designated for

12  protection within the 20 days shall be covered by the provisions of this Stipulated

13  Protective Order.

14  Transcript pages containing Protected Material must be separately

15  bound by the court reporter, who must affix to the top of each such page the legend

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as

17  instructed by the Party or non-party offering or sponsoring the witness or presenting the

18  testimony.

19  ( c) <u>for information produced in some form other than documentary,</u>

20  <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the

21  exterior of the container or containers in which the information or item is stored the legend

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

23  4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an

24  inadvertent failure to designate qualified information or items as "Confidential" or "Highly

25  Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating

26  Party's right to secure protection under this Order for such material. If material is

-5-

1  appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only"

2  after the material was initially produced, the Receiving Party, on timely notification of the

3  designation, must make reasonable efforts to assure that the material is treated in

4  accordance with the provisions of the Order.  If Receiving Party serves a written objection

5  to the propriety of a "Confidential" or "Highly Confidential" designation under this section,

6  the parties must make reasonable attempts to meet and confer to resolve the disputed

7  designation(s).  If such attempts fail, the Designating Party must move the Court for a

8  protective order within thirty (30) days of the conclusion of the meet and confer

9  discussions.  If the Designating Party does not so move, the Receiving Party may treat the

10 subject "Confidential" or "Highly confidential" designation(s) as having been waived.

11                    5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

12              5.1 <u>Timing of Challenges.</u>   Unless a proper challenge to a

13 Designating Party's confidentiality designation is necessary to avoid foreseeable

14 substantial unfairness, unnecessary economic burden, or a later significant disruption or

15 delay of the litigation, a Party does not waive its right to challenge a confidentiality

16 designation by electing not to mount a challenge promptly after the original designation is

17 disclosed.

18              5.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a

19 Designating Party's confidentiality designation must do so in good faith and must begin

20 the process by conferring directly (via written objections)  with counsel for the Designating

21 Party.  In conferring, the challenging Party must explain the basis for its belief that the

22 confidentiality designation was not proper and must give the Designating Party an

23 opportunity to review the designated material, to reconsider the circumstances, and, if no

24 change in designation is offered, to explain the basis for the chosen designation within 5

25 days of receipt of objections.

26              5.3 <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a

-6-

1  confidentiality designation after considering the justification offered by the Designating

2  Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

3  Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

4  basis for the challenge.  Each such motion must be accompanied by a competent

5  declaration that affirms that the movant has complied with the meet and confer

6  requirements imposed in the preceding paragraph and that sets forth with specificity the

7  justification for the confidentiality designation that was given by the Designating Party in

8  the meet and confer dialogue.

9          The burden of persuasion in any such challenge proceeding shall be

10  on the Designating Party.  Until the court rules on the challenge, all parties shall continue

11  to afford the material in question the level of protection to which it is entitled under the

12  Producing Party's designation.

13                      6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

14          6.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material

15  that is disclosed or produced by another Party or by a non-party in connection with this

16  case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

17  material may be disclosed only to the categories of persons and under the conditions

18  described in this Order.  When the litigation has terminated, a Receiving Party must

19  comply with the provisions of section 10, below (FINAL DISPOSITION).

20          Protected Material must be stored and maintained by a Receiving

21  Party at a location and in a secure manner that ensures that access is limited to the

22  persons authorized under this Order.

23          6.2    <u>Disclosure of "CONFIDENTIAL: Information or Items.</u>  Unless

24  otherwise ordered by the court or permitted in writing by the Designating Party, a

25  Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

26          (a) employees of the Receiving Party to whom disclosure is

-7-

1 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound
2 by Protective Order"  (Exhibit A);

3               (b) experts (as defined in this Order) of the Receiving Party to whom
4 disclosure is reasonably necessary for this litigation and who have signed the "Agreement
5 to Be Bound by Protective Order" (Exhibit A);

6               (c) the Court and its personnel;

7               (d) court reporters, their staffs, and professional vendors to whom
8 disclosure is reasonably necessary for this litigation;

9               (e) during their deposition, witnesses in the action to whom disclosure
10 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective
11 Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions
12 that reveal Protected Material must be separately bound by the court reporter and may not
13 be disclosed to anyone except as permitted under this Stipulated Protective Order.

14               (f) the author of the document or the original source of the
15 information.

16           6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
17 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in
18 writing by the Designating Party, Receiving Party may disclose any information or item
19 designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

20           (a)    Experts (as defined in this Order) (1) to whom disclosure is
21 reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by
22 Protective Order" (Exhibit A);

23           (b)    the Court and its personnel;

24           (c)    court reporters and their staffs; and

25           (d)    the author of the document or the original source of the
26 information.

-8-

1          7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED

2    PRODUCED IN OTHER LITIGATION

3                    If a Receiving Party is served with a subpoena or an order

4    issued in other litigation that would compel disclosure of any information or items

5    designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—

6    ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in

7    writing (by fax, if possible) immediately and in no event more than three court days after

8    receiving the subpoena or order.  Such notification must include a copy of the subpoena

9    or court order.

10                   The Receiving Party also must immediately inform in writing the Party

11   who caused the subpoena or order to issue in the other litigation that some or all the

12   material covered by the subpoena or order is the subject of this Protective Order.  In

13   addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

14   promptly to the Party in the other action that caused the subpoena or order to issue.

15                   The purpose of imposing these duties is to alert the interested parties

16   to the existence of this Protective Order and to afford the Designation Party in this case an

17   opportunity to try to protect its confidentiality interests in the court from which the

18   subpoena or order issued.  The Designating Party shall bear the burdens and the

19   expenses of seeking protection in that court of its confidential material—and nothing in

20   these provisions should be construed as authorizing or encouraging a Receiving Party in

21   this action to disobey a lawful directive from another court.

22                   8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23                   If a Receiving Party learns that, by inadvertence or otherwise, it has

24   disclosed Protected Material to any person or in any circumstance not authorized under

25   this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

26   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

-9-

1   copies of the Protected Material, (c) inform the person or persons to whom unauthorized
2   disclosures were made of all of the terms of this Order, and (d) request such person or
3   persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached
4   hereto as Exhibit A.

5           9. <u>FILING PROTECTED MATERIAL.</u>  Without written permission from
6   the Designating Party or a court order secured after appropriate notice to all interested
7   persons, a Party may not file in the public record in this action any Protected material.  A
8   Party that seeks to file under seal any Protected Material must comply with Civil Local
9   Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions
10  that the envelope is not to be opened absent further order of the court, the envelope
11  should be labeled to identify title of the case, the case number, and the title of the
12  document.

13          10. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in
14  writing by the Producing Party, within sixty days after the final termination of this action,
15  each Receiving Party must return all Protected Material to the Producing Party, as used in
16  this subdivision, "all Protected Material" includes all copies, abstracts compilations,
17  summaries or any other form of reproducing or capturing any of the Protected Material.
18  With permission in writing from the Designating Party, the Receiving Party may destroy
19  some or all of the Protected Material instead or returning it.  Whether the Protected
20  Material is returned or destroyed, the Receiving Party must submit a written certification to
21  the Producing Party (and, if not the same person or entity, to the Designating Party) by the
22  sixty day deadline that identifies (by category, where appropriate) all the Protected
23  Material that was returned or destroyed and that affirms that the Receiving Party has not
24  retained any copies, abstracts, compilations, summaries or other forms of reproducing or
25  capturing any of the Protected Material.

26          11. <u>MISCELLANEOUS</u>

-10-

1           <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

2    person to seek its modification by the Court in the future.

3           12. <u>JURISDICTION.</u>   The Court shall retain jurisdiction over any

4    matter covered by this Stipulation and Order for 24 months after the final termination of

5    this action.

6

7           **THE PARTIES HEREBY STIPULATE TO THE TERMS OF THE PROTECTIVE**

8    **ORDER AS SET FORTH ABOVE.**

9

10   Dated:  February___, 2013          LAW OFFICES OF JOHN L. BURRIS

11          By:_____/S/_____
          Attorneys for Plaintiffs
12             Adam Blueford, et al.

13   Dated: February___, 2013          OFFICE OF THE CITY ATTORNEY

14

15          By:_____/S/_____
          William E. Simmons
16             Attorneys for Defendants
          CITY OF OAKLAND, et al.

17

18

19   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21   DATED:____October 1, 2013____

22

23

24   ~~SUSAN ILLSTON~~  William H. Orrick
         United States District Judge

25

26

                         -11-

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____[date] in the case of <u>Adam Blueford, et al. v. City of Oakland,</u>

<u>et al.</u>, Case No. C12-03791 SI, I agree to comply with and be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____[print or type full

name] of _____[print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[printed name]

Signature:_____
[signature]

-12-

~~[PROPOSED]~~
STIPULATED PROTECTIVE ORDER

C12-03791 WHO